ROTHENBERG, J.
The defendant, Corey O’Neal (“O’Neal”), appeals the trial court’s summary denial of his motion for postconviction relief, filed under Florida Rule of Criminal Procedure 3.850. We affirm.
In 2003, O’Neal was found guilty of one count of robbery with a firearm and one count of aggravated assault. He was sentenced to sixty years incarceration with a ten-year mandatory sentence as to the armed robbery. This Court affirmed O’Neal’s convictions and sentences on June 16, 2004. O’Neal v. State, 876 So.2d 569 (Fla. 3d DCA 2004).
*1117 On June 13, 2006, O’Neal filed a timely motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, alleging ineffective assistance of trial counsel based on counsel’s (1) failure to call two alibi witnesses; (2) decision to permit co-counsel to cross-examine an eyewitness and the lead detective; and (3) failure to object to the introduction of a lineup, where O’Neal’s photograph allegedly contained numbers suggesting a prior arrest. The trial court denied the motion, finding that O’Neal’s claims were insufficient under Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
After the trial court’s denial of O’Neal’s rule 3.850 motion, O’Neal filed a motion which he labeled as an “addendum” to his initial motion for postconviction relief. The “addendum” motion listed an additional claim of ineffective assistance of trial counsel — counsel’s failure to object to the trial court’s refusal to read a portion of the trial testimony back to the jury after it had begun its deliberations. Because the trial court had denied O’Neal’s initial motion for postconviction relief before O’Neal filed the second motion, which he styled as an “addendum,” the trial court found that the second motion was successive, and denied it on November 22, 2006. This Court affirmed the trial court’s order denying relief. O’Neal v. State, 947 So.2d 1177 (Fla. 3d DCA 2007).
On December 11, 2008, O’Neal filed the instant motion seeking postconviction relief under rule 3.850, alleging that trial counsel was ineffective because he: (1) misadvised O’Neal regarding the length of sentence he would serve if convicted; (2) failed to exercise a challenge against a biased juror; and (3) pursued a theory that conceded guilt. The trial court concluded that the motion was successive and thus, procedurally barred, and therefore denied relief. This appeal followed.
On appeal, O’Neal disputes the trial court’s treatment of his “addendum” motion in 2006 as a successive motion for postconviction relief, and challenges the trial court’s ruling that the instant motion is a successive motion. We find these arguments to be procedurally barred and without merit. O’Neal appealed the trial court’s November 22, 2006 order, and this Court affirmed. Thus, this Court already has adjudicated O’Neal’s argument regarding the propriety of the November 22, 2006 order. See State v. McBride, 848 So.2d 287, 290 (Fla.2003) (explaining that collateral estoppel prevents identical parties from relitigating the same issue(s) that were previously decided). Nonetheless, the instant rule 3.850 motion, which O’Neal filed on December 11, 2008, was properly denied because it was not only successive, but untimely. See Fla. R.Crim: P. 3.850(b).
Affirmed.